turned the pattern shortly after entering into the contract he intended to return them for credit on the standing debit and not on the "discard account."

5. DAMAGES, § 66*—*what recoverable for breach of contract to purchase goods for definite period.* In an action for alleged breach of a contract to purchase patterns and fashion guides for a definite period, under which goods of a certain value were to be considered as a standing debit and to draw interest throughout the term of the contract, after the expiration of which, all conditions having been fulfilled, the defendant could return all "live patterns in good saleable condition" at the original purchase price, in payment of the standing debit, where defendant rescinded the contract and returned the patterns on hand shortly after the beginning of the term of the contract with the intention that credit be given him on the standing debit, *held* that plaintiff was entitled to recover the interest on the standing debit only during the period that the goods were retained and also, as minimum damages, its loss of profits sustained as a result of the failure of the defendant to purchase new patterns and as a result of the failure to order fashion guides in such numbers as were provided for in the contract.

## A. Magnus Sons Company, Appellee, v. Atlantic Brewing Company, Appellant.

### Gen. No. 21,309.    (Not to be reported in full.)

Appeal from the Superior Court of Cook county; the Hon. RICH-ARD E. BURKE, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1915. Affirmed. Opinion filed June 19, 1916.

### Statement of the Case.

Action by A. Magnus Sons Company, a corporation, plaintiff, against Atlantic Brewing Company, a corporation, defendant, to recover the contract price of certain machinery and a sum due on open account. From a judgment for plaintiff, defendant appeals.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

A. Magnus Sons Co. v. Atlantic Brewing Co., 199 Ill. App. 598.

JAMES J. KELLY, for appellant; JOHN A. BURKE and JOHN T. FITZGERALD, of counsel.

FRANK T. MURRAY, for appellee.

MR. PRESIDING JUSTICE PAM delivered the opinion of the court.

## Abstract of the Decision.

1. SALES, § 329*—*when evidence sufficient to show that machinery not defective and compliance with contract as to installation and instruction.* In an action to recover the contract price of a gas collecting and carbonating system which was to be installed by the seller, the seller also agreeing to instruct the purchaser in the operation of the system, where it appeared that owing to the delay of the purchaser to furnish proper tanks no attempt was made to install the machinery until nearly a year after the purchase, when the purchaser informed the seller that the gas compressor, which had been placed in a damp basement, leaked and that the seller would have to take the machinery back, evidence *held* sufficient to sustain a finding that the gas compressor was not defective, but that the leak was due to the machinery being kept in a damp basement, that the seller had complied with its contract to furnish an expert to install the system and to give instructions as to its use, and that the purchaser, by his own acts, had prevented the seller from installing the system so that a test could be made as provided by the contract.

2. APPEAL AND ERROR, § 1526*—*when giving of improper instructions not prejudicial error.* The giving of improper instructions is not prejudicial error where the jury could not have returned any other verdict than the one they did.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.